And we'll hear argument next in Burke, the New York City Transit Authority and NYP holding 181753. Good morning, your honors. I reserve two minutes in rebuttal. I wanted to start with, of course, New York City Transit Authority. This is primarily a retaliation case, but I would point out in my complaint and in my amended complaint and the second amended complaint, I also claimed violations of the Constitution under 1983, RICO, and various state claims, all of which I believe this court should review. Mr. Burke, can I, just for a point of clarification, in your second amended complaint you make a Fair Labor Standards Act claim, right? That's correct, your honor. But were you making that a Fair Labor Standards Act claim in the first amended complaint? Your honor, I believe I used the term wage theft, and that's a great point, your honor. It was pointed out to me in this Fair Labor Standards Act, you only get minimum wage, you don't get vacation, you don't get sick time, which was the vast majority of my owed monies. And I would point out, your honors, they still have not paid me through today. They did pay, they have been paying- For what? They have been paying me workers' compensation. I do have a substantiated case due to the injury caused by, actually, both City Transit Authority and their defamatory article that was referring to me as a train kook, et cetera, and it had a great deal of false information in there. And I did, was hoping to, under 190, to challenge the constitutionality of it, and I did in my papers, there was no response by the judge, or, and of course, the Attorney General has not been served in that case. I did file the case last- Excuse me, I'm sorry, you were trying to challenge the exactly of what? Of Labor Law 190 that says that government agencies are not employers. Basically, Labor Law 190, that if any private citizen was basically robbed by their employer, they could get up to triple damages for all their wages owed, including sick and vacation. But government employees, for reasons that's never been explained to me, are not covered under that law. I think it's on its face. So I did attempt to include it in this case as an amendment, and if your honors would allow it, I am hoping, of course, that you reverse remand this case. In getting to Vega and Little John, I believe his honor, Judge Vitaliano, got the minimal inference of discrimination, retaliation, incorrect. His standard is much, much higher than this court, as approved of in either Vega or Little John. And so obviously, you know, I don't know what type of minimal inference I can put when they're basically committing criminal acts against me. They have not answered the case, and you know, if this case does not reach the level of a minimal inference of discrimination, retaliation, they've legalized assault, defamation, wage theft, defamation of the state. You've reserved two minutes for rebuttal? Yes. We'll hear from Mr. Brana. Good morning. May it please the Court, I represent Cathy Ann Boniello and NYP Holdings, Inc., the post-defendants in this case. We will rest on our briefs unless the Court has questions. No. Thank you. Thank you. All right. So, Mr. Burke, they rested on their brief. You do still have two minutes of rebuttal. Yes. Your Honor, I guess I was then going to address the New York Post. And if I can compliment counsel, they're very respectable gentlemen. I've never had any problems with them personally. But the issue is really, was the attorneys at New York City Transit Authority who've done this. Apparently, they deem themselves management, and they seem to feel that they, to have control over the top whistleblower, or maybe to serve as a lesson, they believe that they can get away with literally assaulting somebody while they're operating trains full of passengers. And then to openly defame somebody, even though it's, of course, done anonymously. I still don't know who was the exact person who did it. And then to do complete wage theft. His Honor quoted cases where, and this happens in any business, where a check is missing or some of the wages aren't paid. That's certainly not discrimination. Can I ask you a question, Mr. Burke? Certainly. So, Adam, it's a question about your disability. So you've got myopia and photophobia, is that correct? That's correct, Your Honor. I was also ... Is that corrected by your tinted lenses which you're wearing now? Absolutely, Your Honor. And you had those while you were on the train? Your Honor, when I operated outside in the daylight, yes, I wore corrected I have a copy of the ... You had to give them a certificate. When I operate underground, it is pitch dark, and I would wear clear lenses. Or at night, there's no street lights or anything. It's also pitch dark even outside while you're operating trains. And I would operate with flip-ups. So, say, if I was going from underground to outside in the light, in order so I could see. And, in fact, this was one of the reasons why I took the job as a train operator. I thought I'd try to turn my disability into, you know, make lemonade out of a lemon. And, you know, for 13 years, they had no problem with my disability. And then they discovered it all of a sudden when, because of this Supreme Court case and other protected activity, they just decided I could no longer be an employee. And just by any means necessary, they assaulted me. And then, of course, defamed me. And then doing the wage theft. I'm pointing to them, but the New York Post. Well, the New York Post obviously assisted them. They only did what they did. And they were, I believe, misled completely by New York City Transit Authority. But it was, you know, they did it somewhat gleefully. I spoke to their post reporter, and the post reporter never confirmed any of the lies that went under her byline. And, you know, they obviously, they never allowed me to correct it. They still haven't corrected it to today. And, of course, all over the Internet, it was defamation per se. I proved it. The level of proof required to substantiate a claim of stress, which was only based on that, is substantial in New York State. It'd have to basically prove wrongdoing, that the stress is much, much higher than for a similar situated employee. This was unprecedented. They are barred from doing it. We got the argument. Thank you very, very much. We'll reserve decision. The last matter on the calendar is United States v. Murillo, 18-1486, which is submitted, and as to which we'll also reserve decision. Court is adjourned.